UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| YA MON EXPEDITIONS, LLC, a Wyoming limited liability corporation, on Behalf of Itself and All Other Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>INTERNATIONAL YACHT BROKER'S ASSOCIATION, INC., a Florida Not for Profit Corporation, et al.,<br><br>  Defendants. | CLASS ACTION<br><br>Case No. 1:24-cv-20805-KMM |

| | |
|---|---|
| KIP LAMAR SNELL, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>ALLIED MARINE, INC., et al.,<br><br>  Defendants. | CLASS ACTION<br><br>Case No. 0:24-cv-60461-KMM |

**PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

4865-3994-3346.v1

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ...................................................................................................1

II.    ARGUMENT .........................................................................................................2

       A.     Consolidation of the Actions is Warranted ...........................................................2

              1.     The Actions Share Numerous Common Factual and Legal Issues ..............3

              2.     Consolidation Will Further the Convenience of the Parties and
                     Witnesses ..................................................................................................4

              3.     Consolidation Will Not Prejudice Any Party .............................................4

       B.     The Appointment of Interim Co-Lead Class Counsel is in the Best
              Interests of the Putative Class .............................................................................5

              1.     Robbins Geller and Podhurst Orseck Have Performed Substantial
                     Work Identifying and Investigating the Claims in This Action ..................7

              2.     Robbins Geller and Podhurst Orseck Are Highly Experienced in
                     Handling Complex Class Action Litigations ..............................................7

       3.     Robbins Geller and Podhurst Orseck Attorneys Are Highly
              Knowledgeable Regarding the Applicable Law ....................................11

       4.     Robbins Geller and Podhurst Orseck Have the Resources Necessary to
              Effectively Represent the Class and Fund the Litigation......................11

III.   CONCLUSION....................................................................................................14

4865-3994-3346.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
No. 14-cv-07126 (S.D.N.Y.) ......................................................................................8, 9

*Arkansas ex rel. Griffin v. Syngenta Crop Protection AG*,
No. 4:22-cv-01287-BSM (E.D. Ark.) .............................................................................9

*Bedwell v. Braztech Int'l, L.C.*,
2018 WL 830073 (S.D. Fla. Feb. 9, 2018) .............................................................3, 5

*Brook v. AT&T Cellular Servs.*,
2003 WL 21911123 (S.D.N.Y. Aug. 11, 2003) ..............................................................4

*Burrow v. Forjas Taurus S.A.*,
2018 WL 809439 (S.D. Fla. Feb. 9, 2018) .....................................................................5

*Dahl v. Bain Cap. Partners, LLC*,
No. 07-cv-12388 (D. Mass.) ..........................................................................................8

*DIK Drug Co. v. Altana Pharma AG*,
2008 WL 320528 (D.N.J. Jan. 31, 2008) .......................................................................4

*Hendrix v. Raybestos-Manhattan, Inc.*,
776 F.2d 1492 (11th Cir. 1985) .................................................................................2, 3

*In re: Blue Cross Blue Shield Antitrust Litigation*,
MDL No. 2406 (N.D. Ala.) ...........................................................................................11

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ........................................................................................12

*In Re: Champlain Towers South Collapse Litigation*,
No. 2021-015089-CA (Fla. Cir. Ct.) .............................................................................11

*In re: Checking Account Overdraft Litigation*,
MDL No. 2036 (S.D. Fla.) ............................................................................................10

*In re Currency Conversion Fee Antitrust Litig.*,
263 F.R.D. 110 (S.D.N.Y. 2009), *aff'd, Priceline.com, Inc. v. Silberman*,
405 F. App'x 532 (2d Cir. 2010) ....................................................................................8

4865-3994-3346.v1

*In re Currency Conversion Fee Antitrust Litig.*,
No. 01-md-01409 (S.D.N.Y.) ...........................................................................8

*In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*,
529 F. Supp. 2d 644 (S.D. Tex. 2006) ............................................................9

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*,
No. 17-md-02785 (D. Kan.).........................................................................8, 9

*In re: Ethiopian Airlines Flight ET 302 Crash*,
No. 19-cv-2170 (N.D. Ill.) ............................................................................11

*In re: Farm-Raised Salmon and Salmon Products Antitrust Litig.*,
No. 19-21551-CIV-CMA: (S.D. Fla.) ...........................................................10

*In re General Motors, LLC Ignition Switch Litig.*,
MDL No. 2543 (S.D.N.Y.) ............................................................................11

*In re Insulin Pricing Litig.*,
2020 WL 5642002 (D.N.J. Sept. 22, 2020) ...................................................4

*In re Jan. 2021 Short Squeeze Trading Litig.*,
2023 WL 6534411 (S.D. Fla. Sept. 21, 2023) ...............................................3

*In re NFL Players' Concussion Injury Litig.*,
MDL No. 2323 (E.D. Pa.) .............................................................................11

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 05-md-1720 (E.D.N.Y.) ............................................................................8

*In re SSA Bonds Antitrust Litig.*,
No. 16-cv-03711 (S.D.N.Y.)............................................................................8

*In re: Takata Airbag Products Liability Litigation*,
MDL No. 2599 (S.D. Fla.).............................................................................10

*In re Terazosin Hydrochloride Antitrust Litig.*,
220 F.R.D. 672 (S.D. Fla. 2004)....................................................................7

*In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*,
2020 WL 13561433 (S.D. Fla. Aug. 19, 2020)..........................................5, 6

4865-3994-3346.v1

*Jones v. Pfizer, Inc.*,
    No. 1:10-cv-03864 (S.D.N.Y. Aug. 10, 2015)...........................................................................9

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...................................................................................................................2

*Pinkowitz v. Elan Corp., PLC*,
    2002 WL 1822118 (S.D.N.Y. July 29, 2002) ...........................................................................3

*Precision Roofing of N. Fla. Inc. v. Centerstate Bank*,
    2022 WL 10538480 (M.D. Fla. Apr. 26, 2022)........................................................................3

*Smith v. Wm. Wrigley Jr. Co.*,
    2010 WL 2401149 (S.D. Fla. June 15, 2010) ...........................................................................7

## STATUTES, RULES, AND REGULATIONS

Federal Rules of Civil Procedure
    Rule 23 ...................................................................................................................................5, 6
    Rule 23(c)(1)...............................................................................................................................6
    Rule 23(g)(1)...............................................................................................................................6
    Rule 23(g)(1)(A).........................................................................................................................6
    Rule 23(g)(3)...........................................................................................................................5, 6
    Rule 42 .......................................................................................................................................1
    Rule 42(a)......................................................................................................................2, 3, 4, 5

## SECONDARY AUTHORITIES

5 James W. Moore et al.,
    *Moore's Federal Practice* (3d ed. 2022)
    §23.120[3][a] .............................................................................................................................7

4865-3994-3346.v1

## I.    INTRODUCTION

There are currently three federal antitrust cases against largely the same group of boat and yacht brokers, broker associations, and multiple listing services ("MLSs") (collectively, "Defendants") pending in this District.  The first-filed action, *Ya Mon Expeditions, LLC v. Int'l Yacht Broker's Assoc., Inc.*, No. 1:24-cv-20805-KMM was filed on February 29, 2024.  The second-filed action, *Snell v. Allied Marine, Inc.*, No. 0:24-cv-60461-KMM was filed 22 days later, on March 22, 2024.  Both of these cases are pending in front of this Court.  The third-filed action, *Magna Charter, LLC v. Boats Group, LLC.*, No. 24-cv-21146-RKA was filed four days after *Snell*, on March 26, 2024.  This case is currently pending in front of Judge Roy K. Altman.  Both cases in front of this Court make nearly identical factual allegations against Defendants, regarding Defendants agreeing, combining, and conspiring to adopt, impose, and enforce an anticompetitive restraint that requires pre-owned boat and yacht sellers to pay a brokerage fee to the buyer's broker, as well as a total aggregate commission fee that is inflated as a condition for selling their boats or yachts.  Both cases in front of this Court bring the same claims, rely on the same legal theories, name largely the same Defendants, and bring claims on behalf of virtually identical Classes.[1]

Because the disposition of each claim will turn on the adjudication of the same issues and the same conduct, consolidation under Rule 42 of the Federal Rules of Civil Procedure ("Rule") regarding the Ya Mon Expeditions, LLC and Kip Lamar Snell cases is warranted (collectively, "Plaintiffs").  Once Magna Charter, LLC is transferred to this Court, consolidation of that case will also be appropriate.  The actions at issue easily satisfy the prerequisites for consolidation as:

---

[1]    We reached out to counsel for *Magna Charter, LLC v. Boats Group, LLC.*, No. 24-cv-21146-RKA in an effort to discuss consolidation (once their case is in front of this Court) along with the interim appointment of Co-Lead Counsel.  While we were unable to reach a resolution at this time, we will continue to have discussions with them and any other subsequent filing counsel.

(i) they involve common issues of fact or law; (ii) consolidation will result in a more efficient process for this Court, counsel, and the witnesses who will be called upon to testify at deposition and trial; and (iii) no prejudice will result.

To further promote litigation economy and efficiency and avoid undue delay, plaintiffs Ya Mon and Snell move for the appointment of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Podhurst Orseck, P.A. ("Podhurst Orseck") as Interim Co-Lead Class Counsel in the consolidated action.

## II.    ARGUMENT

### A.    Consolidation of the Actions is Warranted

Rule 42(a) authorizes a court to consolidate separate actions if the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  The Eleventh Circuit has encouraged district courts to consolidate cases, pursuant to Rule 42(a), "'to expedite the trial and eliminate unnecessary repetition and confusion.'"  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).[2]  Once the Court has made this determination, it has broad discretion to determine whether consolidation is appropriate.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (the power to consolidate related actions falls within the inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

In evaluating whether consolidation is appropriate, a court should consider

whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time

---

[2]    Citations are omitted throughout, unless otherwise noted.

required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495.  While "[a] district court's decision under Rule 42(a) is purely discretionary," Courts should "make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Bedwell v. Braztech Int'l, L.C.*, 2018 WL 830073, at *2 (S.D. Fla. Feb. 9, 2018) (quoting *Hendrix*, 776 F.2d at 1495); *see also Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) (Rule 42(a) does not require that the actions be identical before they can be consolidated).  Merger of the suits into a single cause is one form of consolidation, and is appropriate where it will not result in prejudice to the parties.

### 1.      The Actions Share Numerous Common Factual and Legal Issues

The only requirement set out in Rule 42(a) for consolidation is that the cases involve "a common question of law or fact."  Fed. R. Civ. P 42(a). This is plainly met here.  Each case arises out of Defendants having agreed, combined, and conspired to adopt, impose, and enforce an anticompetitive restraint that requires pre-owned boat and yacht sellers to pay a brokerage fee to the buyer's broker, as well as a total aggregate commission fee that is inflated as a condition for selling their boats or yachts.  All three cases likewise assert that the actions of Defendants violate federal antitrust laws.  Therefore, the three cases center around the same conduct with nearly identical facts.

Courts routinely consolidate cases when this occurs.  *See*, *e.g.*, *In re Jan. 2021 Short Squeeze Trading Litig.*, 2023 WL 6534411 (S.D. Fla. Sept. 21, 2023) (consolidating actions filed under federal securities laws arising from the same nucleus of facts); *Precision Roofing of N. Fla. Inc. v. Centerstate Bank*, 2022 WL 10538480, at *1 (M.D. Fla. Apr. 26, 2022) (consolidating

- 3 -

consumer protection class actions); *see also In re Insulin Pricing Litig.*, 2020 WL 5642002, at *4-*5 (D.N.J. Sept. 22, 2020) (consolidating various actions brought against drug manufacturers relating to alleged price fixing of the benchmark prices of insulins); *DIK Drug Co. v. Altana Pharma AG*, 2008 WL 320528, at *1-*2 (D.N.J. Jan. 31, 2008) (consolidating three antitrust cases concerning the blocking of generic drug competition for Protonix, in alleged violation of the Sherman Act); *Brook v. AT&T Cellular Servs*., 2003 WL 21911123, at *1 (S.D.N.Y. Aug. 11, 2003) (consolidating under Rule 42(a) a series of antitrust class action cases brought against national wireless services carriers).  So, too, here the cases challenge the same conduct by the same Defendants in violation of federal antitrust laws.

> **2.      Consolidation Will Further the Convenience of the Parties and Witnesses**

In this case, consolidation is highly appropriate as there are virtually no costs in consolidation, only substantial benefits.  For example, Plaintiffs anticipate that they will seek to depose the same individuals from Defendants and the production of substantially the same documents.  Without consolidation, there will be duplicative discovery demands and the possibility of inconsistent adjudication on a number of issues, including class certification.  Consolidation will solve this problem by enabling a single judge with all the parties present to formulate a pretrial plan that will minimize witness inconvenience and overall expense for all parties.  Obviously, the savings in time and expense that will result from consolidation will benefit Plaintiffs as well as Defendants.

> **3.      Consolidation Will Not Prejudice Any Party**

None of the parties in these cases will be prejudiced by consolidation.  The complaints have all been recently filed and none of the cases has proceeded to a point where consolidation would create an undue delay.

4865-3994-3346.v1

If the cases are not consolidated, *Ya Mon*, *Snell*, and *Magna Charter* will be required to make legal and factual determinations inherent to antitrust class actions in each individual case, creating unnecessary work for all parties and the Court.  *See, e.g.*, *Bedwell*, 2018 WL 830073, at *2 ("The Eleventh Circuit has 'encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'"); *Burrow v. Forjas Taurus S.A.*, 2018 WL 809439, at *2 (S.D. Fla. Feb. 9, 2018) (same).

The cases before this Court therefore have identical fact patterns and common questions of law and fact.  Plaintiffs submit that the Court would benefit from having a single judge oversee one consolidated case to avoid duplicative efforts and inconsistent rulings.  This is in keeping with Rule 42(a).

### B.    The Appointment of Interim Co-Lead Class Counsel is in the Best Interests of the Putative Class

"The appointment of interim class counsel is recommended early, before class certification to protect the interests of the putative class."  *In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, 2020 WL 13561433, at *1 (S.D. Fla. Aug. 19, 2020).  "The type of situation in which interim class counsel is appointed is one in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members."  *Bedwell v. Braztech Int'l, L.C.*, 2018 WL 830073, at *8 (S.D. Fla. Feb. 9, 2018).

Rule 23(g)(3) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  As the Committee Notes to the 2003 amendments to Rule 23 emphasize, designation of interim class counsel prior to certification is appropriate because,

> it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. . . . [Rule 23(g)(3)] authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made.

Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

Rule 23(g)(1) directs the Court to appoint interim class counsel who will "fairly and adequately represent the interests of the class." "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, 2020 WL 13561433, at *1. Rule 23(g)(1) states that the Court must consider the following factors in appointing interim class counsel:

> (i) [T]he work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1).

The appointment of Robbins Geller and Podhurst Orseck as Interim Co-Lead Class Counsel satisfies the requirements of Rule 23(g)(l). Robbins Geller and Podhurst Orseck also satisfy the requirements of Rule 23(g)(3), which permits the designation of interim class counsel to act on behalf of a putative Class before the determination of whether to certify the action as a class action.[3]

---

[3]   Within Forty-Five Days of an Order on this Motion, Interim Co-Lead Counsel intend to propose a Plaintiffs' Executive Committee so that this litigation can proceed in the most effective and efficient manner.

### 1. Robbins Geller and Podhurst Orseck Have Performed Substantial Work Identifying and Investigating the Claims in This Action

It is significant that Robbins Geller and Podhurst Orseck have spent substantial time and resources developing these cases. *See* 5 James W. Moore et al., *Moore's Federal Practice* §23.120[3][a] (3d ed. 2022) (the court should consider whether an attorney has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort"); *see also In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 701 (S.D. Fla. 2004) (listing "the work counsel has done in identifying or investigating potential claims" as a factor in evaluating adequacy of counsel). Specifically, before filing complaints on behalf of their respective clients, Robbins Geller and Podhurst Orseck have:

- Examined the structure and characteristics of the market for the sale of pre-owned boats and yachts through listings on the Defendant MLSs in the United States;

- Researched industry practices, relationships and agreements at issue here;

- Researched the various factual means by which Defendants facilitated their agreements;

- Investigated and analyzed the market for pre-owned boats and yachts, including the practices at issue here;

- Analyzed historic and present commission practices related to the sale of pre-owned boats and yachts listed on the Defendant MLSs in the United States; and

- Evaluated Defendants' market share and concentration.

### 2. Robbins Geller and Podhurst Orseck Are Highly Experienced in Handling Complex Class Action Litigations

"[P]roposed class counsel must demonstrate that he possesses both the experience and qualifications necessary to conduct this litigation." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *5 (S.D. Fla. June 15, 2010). The attorneys at Robbins Geller and Podhurst Orseck are well-known and highly regarded for their broad and deep experience handling complex and

- 7 -

class action litigation, including within the antitrust bar.  As set forth below, the extensive experience of Robbins Geller and Podhurst Orseck will best serve the proposed Class.

**Robbins Geller**.  With 200 attorneys practicing in 10 offices across the country, Robbins Geller is the nation's largest plaintiffs' law firm actively engaged in complex class action litigation, and among the nation's most experienced antitrust law firms.  *See* Ex. A (Robbins Geller firm résumé), attached hereto.  Through tireless advocacy and relentless pursuit, Robbins Geller has obtained some of the largest antitrust recoveries in history, including, *e.g.*, the following:

- *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-md-1720 (E.D.N.Y.) ($5.5 billion recovery), the largest ever private antitrust cash recovery in history;

- *Dahl v. Bain Cap. Partners, LLC*, No. 07-cv-12388 (D. Mass.) ($590.5 million recovery);

- *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-07126 (S.D.N.Y.) ($504.5 million recovery);

- *In re SSA Bonds Antitrust Litig.*, No. 16-cv-03711 (S.D.N.Y.) ($95.5 million recovery);

- *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-02785 (D. Kan.) ($609 million recovery); and

- *In re Currency Conversion Fee Antitrust Litig.*, No. 01-md-01409 (S.D.N.Y.) ($336 million recovery).

Courts regularly praise Robbins Geller's attorneys for superior results achieved. For example, in *In re Currency Conversion Fee Antitrust Litig.*, the court applauded counsel for providing "extraordinarily high-quality representation" and for litigating with "enormous attention to detail and unflagging devotion to the cause."  263 F.R.D. 110, 129 (S.D.N.Y. 2009), *aff'd*, *Priceline.com, Inc. v. Silberman*, 405 F. App'x 532 (2d Cir. 2010).  Approving the $336 million settlement, Judge William H. Pauley III recognized that Robbins Geller had "represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the

- 8 -

ablest lawyers in the antitrust defense bar." *Id.* Similarly, after obtaining $400 million on the eve of trial, Judge Alvin K. Hellerstein commended Robbins Geller, recognizing:

> Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations.

*Jones v. Pfizer, Inc.*, No. 1:10-cv-03864, ECF 502, Hr'g Tr. at 42-43 (S.D.N.Y. Aug. 10, 2015). In *In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*, the court noted that the firm is "comprised of probably the most prominent securities class action attorneys in the country." 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006). Robbins Geller is also proud to currently represent the State of Arkansas in a major antitrust enforcement action against two of the largest agrochemical companies in the world, *Arkansas ex rel. Griffin v. Syngenta Crop Protection AG*, No. 4:22-cv-01287-BSM (E.D. Ark.).

There are other examples of appointments of our firms to cases like this one, confirming Robbins Geller's depth of experience necessary to move this case forward effectively. As set forth above, Robbins Geller has secured billions in recoveries in various antitrust matters. Ex. A. These and other cases demonstrate the Firm's unique and broad-based experience litigating cases in the antitrust arena.

These sentiments are reflected in the various commendations Robbins Geller has received from premier legal ranking organizations, including *Chambers USA*, *Benchmark Plaintiff* and *The Legal 500*. Robbins Geller's recent accolades include their receipt of the prestigious American Antitrust Institute award for "Outstanding Antitrust Litigation Achievement in Private Law Practice" in 2018 for its work *in Alaska Electrical v Bank of America*, in 2022 for its work in *In re EpiPen*, and in 2023 for its work in the historic *Visa Interchange* case, being selected as one of America's Elite Trial Lawyers by *The National Law Journal*, one of the Most Feared Litigation

Firms by BTI Consulting and Most Feared Plaintiffs' Firms by *Law360*, a top plaintiff firm by *The Legal 500*, a Band 1 firm by *Chambers USA*, the 2024 "Plaintiff Firm of the Year" by Benchmark Litigation, and a national "Best Law Firm" by *U.S. News – Best Lawyers*.  Robbins Geller's demonstrated antitrust expertise will promote efficiencies and provide real and direct benefits to the Class.

Plaintiffs and the Class here will benefit from the significant experience and synergies these seasoned trial attorneys have developed successfully prosecuting complex antitrust class actions.

**Podhurst Orseck**.

As detailed in the attached firm résumé (*see* Ex. B Podhurst Orseck firm résumé), Podhurst Orseck attorneys add a wealth of experience and diversity to the team with broad experience prosecuting antitrust and other complex class action lawsuits.  Podhurst Orseck attorneys have led and currently lead some of the country's largest class actions and multi-district litigations, including the following:

- *In re: Takata Airbag Products Liability Litigation,* **MDL No. 2599 (S.D. Fla.):**  The largest and most complex automotive recall in United States history, involving more than 19 million vehicles.  To date, Podhurst Orseck, along with other firms, have secured class settlements totaling over $1.5 billion with eight automobile manufacturers.

- *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation,* **Case No. 19-21551-CIV-CMA: (S.D. Fla.):**  Podhurst Orseck achieved a class settlement of $85,000,000 in this antitrust case in which a class of direct purchasers of salmon allege that the world's largest Norwegian salmon farmers conspired to fix the prices of Norwegian farm-raised salmon.  After three years of intense litigation, a class settlement totaling $85,000,000 was reached.

- *In re: Checking Account Overdraft Litigation,* **MDL No. 2036 (S.D. Fla.):**  Podhurst Orseck served as Co-Lead Counsel in this MDL and successfully secured settlements with approximately two-dozens of the nation's largest banks.  To date, these settlements have exceeded $1 billion.

- ***In re: Blue Cross Blue Shield Antitrust Litigation,*** **MDL No. 2406:** Podhurst Orseck currently serves as the Chair of the Experts Committee on the Provider Track in this MDL, which alleges that numerous Blue Cross/Blue Shield health insurers around the country have violated federal antitrust laws by horizontally allocating markets and prohibiting competition among themselves.  This MDL is pending in the Northern District of Alabama before United States District Judge David Proctor.

- ***In Re: Champlain Towers South Collapse Litigation***, **No. 2021-015089-CA, Eleventh Judicial Circuit of the State of Florida:**  Podhurst Orseck attorneys served as Lead Counsel for the personal injury and wrongful death plaintiffs and were instrumental in securing a $1.2 billion settlement.

- ***In re: Ethiopian Airlines Flight ET 302 Crash***, **N.D. Ill., No. 19-cv-2170:** Podhurst Orseck serves on the Executive Committee and has been instrumental in securing large settlements for the families of the victims of the Ethiopia Airlines Boeing 737 MAX crash.

- ***In  re General Motors, LLC Ignition Switch Litig.***, **MDL No. 2543 (S.D.N.Y.):**  Podhurst Orseck serves on the Plaintiffs' Executive Committee.

- ***In re NFL Players' Concussion Injury Litig.***, **MDL No. 2323 (E.D. Pa.):** Podhurst Orseck partners served as Class Counsel and on the Plaintiffs' Executive Committee.

     **3.**     **Robbins Geller and Podhurst Orseck Attorneys Are Highly Knowledgeable Regarding the Applicable Law**

As discussed above, Robbins Geller and Podhurst Orseck attorneys have broad and deep experience successfully litigating antitrust and other complex class actions.  They have extensive knowledge of the substantive and procedural law and, combined, they have spent decades developing an expertise in applying that knowledge to effectively and efficiently prosecute complex antitrust and other class actions.

     **4.**     **Robbins Geller and Podhurst Orseck Have the Resources Necessary to Effectively Represent the Class and Fund the Litigation**

In cases such as this one, where the proposed Class faces well-capitalized adversaries represented by capable and well-funded counsel, the proposed Class likewise should be afforded

- 11 -

representation by counsel with similar resources.  This Court must satisfy itself that counsel will commit sufficient attorney time and financial resources to vigorously prosecute the putative Class's claims.  Robbins Geller and Podhurst Orseck clearly meet this standard.

Robbins Geller and Podhurst Orseck are extremely well-capitalized and possess superior investigatory, financial and litigation resources, which will enable them to aggressively represent the Class effectively and efficiently.  *Cf. In re Cavanaugh*, 306 F.3d 726, 735 (9th Cir. 2002) ("[A]n aggressive, competent lawyer can make a substantial difference in the outcome of the case.").  Proof of their combined resources and capabilities lies in Robbins Geller's multi-decades track record successfully prosecuting complex actions requiring tremendous commitments of financial and litigation resources.  Indeed, Robbins Geller is highly acclaimed (and well-respected) for consistently advancing litigation costs in matters of comparable or even greater size and complexity.  The firms understand the demands of these cases and will deploy all resources necessary to investigate and prosecute these cases vigorously on behalf of the proposed Class.

Supporting both Robbins Geller's attorneys are experienced paralegals, data analysts, in-house forensic accountants, investigators, and litigation support specialists with access to cutting-edge information technology.  The firm's technology resources are important, as over the last decade, electronic discovery has transformed litigation practices and enabled the preservation, collection, production, and review of vast quantities of documents far more efficiently and cost-effectively than was previously possible.  And, for example, Robbins Geller has undertaken much of the technology services typically outsourced to third-party providers and has developed state-of-the-art resources to manage the production, storage, processing, analysis, and review of electronic discovery.  The firm's in-house system consists of over 58 servers and currently consumes over 200 terabytes of storage all located in a secure SSAE 18 Type III data center, with

over another 200 terabytes of storage which serves as back up in a separate geographic location with automatic replication. Users can login securely, view, search, download, code and analyze documents produced in this (and other) litigation from any Microsoft Windows-based computer with an internet connection. Using this in-house system allows Robbins Geller and its co-counsel a greater ability to pour over extensive and important document collections, provides greater control over infrastructure security, and has reduced the time and expense associated with developing and maintaining electronic discovery databases. In antitrust cases like these, there is a high likelihood that hundreds of thousands of documents, communications, transaction records and other electronically stored information will be produced. With extensive resources such as these at their disposal, the Robbins Geller team can most effectively and efficiently prosecute these cases.

Podhurst Orseck has similar capabilities. Podhurst Orseck attorneys have both the financial and human resources to prosecute this case effectively and expeditiously. They have financially supported some of the largest and most significant MDLs and class actions in the country, including the *Takata Airbags MDL*, as well as the *Blue Cross/Blue Shield Antitrust MDL*, in which Podhurst has invested millions of dollars to effectively prosecute.

They also possess the human resources and bandwidth to handle a case of this size and significance. Podhurst Orseck attorneys are experienced trial lawyers, many of whom have experience trying cases to verdict and have served as federal law clerks. The Firm has vast experience litigation cases that involve hundreds of thousands, if not millions, of documents, and scores of witnesses. If chosen to lead these consolidated class actions, Podhurst would be able to leverage their experience with document review and management platforms to efficiently steer this litigation to favorable resolution for the class.

- 13 -

### III.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court: (i) consolidate the *Ya Mon*, *Snell*, and *Magna Charter* cases; and (ii) appoint Robbins Geller and Podhurst Orseck as Interim Co-Lead Class Counsel in the consolidated action.

### <u>CERTIFICATE OF CONFERENCE</u>

In accordance with Local Rule 7.1(a)(3), Plaintiffs' counsel has conferred or attempted to confer with Defense counsel. Most Defendants have been served. Of the Defense counsel of which Plaintiffs' counsel is aware and has spoken to, counsel for Permira Advisers LLC and Boats Group LLC does not oppose consolidation and takes no position on the appointment of interim lead counsel; counsel for Yacht Broker's Association of America, Inc. and Sharon & Jack Malatich, LLC does not oppose consolidation and takes no position on the appointment of interim lead counsel. Counsel for Northrop & Johnson and MarineMax, and counsel for United Yacht Sales LLC could not be reached.

DATED:  March 28, 2024                    Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          PAUL J. GELLER
                                          Florida Bar No. 984795
                                          MARK J. DEARMAN
                                          Florida Bar No. 982407
                                          STUART A. DAVIDSON
                                          Florida Bar No. 0084824
                                          ANNY M. MARTIN
                                          Florida Bar No. 1000491
                                          LINDSEY H. TAYLOR
                                          Florida Bar No. 1027908


                                                  *s/ Mark J. Dearman*
                                          MARK J. DEARMAN

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
pgeller@rgrdlaw.com
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com
amartin@rgrdlaw.com
ltaylor@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
DAVID W. MITCHELL
ARTHUR L. SHINGLER III
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
davidm@rgrdlaw.com
ashingler@rgrdlaw.com

WITES & ROGERS, P.A.
MARC A. WITES
Florida Bar No. 24783
THOMAS B. ROGERS
Florida Bar No. 54680
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone:  954/933-4400
mwites@wklawyers.com
trogers@witeslaw.com

Attorneys for Plaintiff Kip Lamar Snell

DATED:  March 28, 2024                PODHURST ORSECK, P.A.
                                      LEA P. BUCCIERO
                                      Florida Bar No. 84763
                                      Ricardo M. Martinez-Cid
                                      Florida Bar No. 383988
                                      MATTHEW WEINSHALL
                                      Florida Bar No. 84783


                                      _____
                                      *s/ Lea P. Bucciero*
                                      LEA P. BUCCIERO

4865-3994-3346.v1

1 S.E. 3rd Avenue, Suite 2300
Miami, FL  33131
Telephone: 305/358-2800
305/358-2382 (fax)
lbucciero@podhurst.com
mweinshall@podhurst.com
rmcteam@podhurst.com

GALLAGHER & KENNEDY, P.A.
KEVIN D. NEAL - PHV
WILLIAM F. KING - PHV
KENNETH N. RALSTON - PHV
2575 East Camelback Road
Phoenix, AZ  85016-9225
Telephone:  602/530-8000
kevin.neal@gknet.com
bill.king@gknet.com
ken.ralston@gknet.com

NAPOLI SHKOLNIK*
HUNTER SHKOLNIK - PHV
1302 Avenida Ponce De Leon
Santurce, Puerto Rico 00907
Telephone:  787/493-5088
hunter@nsprlaw.com

*Napoli Shkolnik Is a Registered Tradename for
NS PR Law Services, LLC
A Puerto Rican Limited Liability Corporation

NAPOLI SHKOLNIK PLLC
SALVATORE C. BADALA - PHV
400 Broadhollow Rd, Suite 305
Melville, NY  11747
Telephone:  212/397-1000 Ext. 1045
sbadala@napolilaw.com

Attorneys for Plaintiff Ya Mon Expeditions,
LLC