UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20805-KMM

YA MON EXPEDITIONS, LLC,
a Wyoming limited liability
corporation, on behalf of itself
and all other similarly situated,

    Plaintiff,

v.

INTERNATIONAL YACHT BROKER'S
ASSOCIATION, INC., et al.;

    Defendants.

_____/

**CERTAIN DEFENDANTS' UNOPPOSED MOTION TO ADJOURN, OR, IN THE ALTERNATIVE, EXTEND THE DEADLINES TO RESPOND TO THE COMPLAINT**

Defendants Northrop & Johnson Yachts-Ships LLC, Galati Yacht Sales, LLC, MarineMax, Inc., United Yacht Sales, LLC, HYM Yacht Sales, Inc., Permira Advisers LLC, and Boats Group, LLC (collectively, the "Moving Defendants"), by and through their respective undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b), hereby file this Unopposed Motion to Adjourn, or, in the Alternative, Extend the Deadlines to Respond to the Complaint, and in support thereof state the following upon information and belief:

1.    WHEREAS, Plaintiff's Complaint was filed in this Court on February 29, 2024. *See* [ECF No. 1] ("the Action"). The Moving Defendants were all served starting the week of March 11, 2024.[1] As such, the Moving Defendants' various responsive pleadings to the Complaint in this Action are due beginning on April 1, 2024, and extending throughout the next several days.

---

[1] Northrop & Johnson Yacht Ships, LLC was served on March 11, 2024; Galati Yacht Sales, LLC was served on March 13, 2024; MarineMax, Inc. was served on March 11, 2024; HMY Yacht Sales Inc. was served on March 12,

2. WHEREAS, on March 22, 2024, a second antitrust class action lawsuit was filed in the Southern District of Florida against many of the same Defendants in this Action, alleging substantially similar violations of the Sherman Antitrust Act with respect to the yacht brokerage industry. *See Kip Lamar Snell v. Allied Marine, Inc., et. al.*, Case No. 0:24-cv-60461 (Southern District of Florida) (the "*Snell* Action"). The *Snell* Action has been transferred to Judge Moore. *See Snell* Action at [ECF Nos. 5-6].

3. WHEREAS, just earlier this week, on March 26, 2024, another antitrust class action lawsuit was filed in the Southern District of Florida against many of the same Defendants in this Action, and also naming certain new defendants, again alleging substantially similar violations of the Sherman Antitrust Act with respect to the yacht brokerage industry. *See Magna Charter, LLC v. Boats Group, LLC, et. al.*, Case No. 1:24-cv-21146 (Southern District of Florida) (the "*Magna Charter* Action"). Like the *Snell* Action, the *Magna Charter* Action was filed with a Civil Cover Sheet indicating that it was related to this immediate litigation. While the docket currently reflects an assignment to Judge Altman, the Moving Defendants expect that the *Magna Charter* Action will be reassigned to Judge Moore like the *Snell* Action before it.

4. WHEREAS, on March 28, 2024, the counsel for plaintiffs in this Action and the *Snell* Action filed a Motion to Consolidate Related Actions and for Appointment of Interim Co-Lead Class Counsel ("Motion to Consolidate"), requesting, in part, that the Court "consolidate the *Ya Mon*, *Snell*, and *Magna Charter*" actions. *See* [ECF No. 20]. In support of their motion, the *Ya Mon* and *Snell* plaintiffs argued that the requested consolidation will result in "savings in time and expense that . . . will benefit Plaintiffs as well as Defendants." *Id*. at 4.

---

2024; United Yacht Sales, LLC was served on March 13, 2024; Boats Group, LLC was served on March 11, 2024; Permira Advisers LLC received the complaint by mail on March 28, 2024.

5. WHEREAS, pursuant to this Court's docket order entered on March 4, 2024, *see* [ECF No. 4], the Moving Defendants intend to "file joint motions with co-parties unless there are clear conflicts of position." Moving Defendants expect that the analyses and conferrals amongst themselves and other defendants to determine which of the defendants will file joint motion(s) to dismiss and/or whether individual motions to dismiss are required will necessitate additional time to respond. Furthermore, the practical considerations of coordinating the drafting of said joint motions to dismiss, including in relation to the various issues unique to no less than sixteen (16) defendant entities will require additional time.

6. WHEREAS, should the Court grant the *Ya Mon* and *Snell* plaintiffs' Motion to Consolidate, the Moving Defendants expect that the plaintiffs will seek (and/or be ordered) to file an amended consolidated complaint, thereby making it impracticable and inefficient for defendants to move to dismiss or otherwise respond to the current complaints in the *Ya Mon*, *Snell*, and *Magna Charter* actions.

7. THEREFORE, the Moving Defendants respectfully request that the Court adjourn all of the varied operative deadlines for *all defendants* to move to dismiss or otherwise respond to the Complaint in this Action and the complaint in the *Snell* Action (and to the complaint in the *Magna Charter* Action, should that case be reassigned to this Court).[2] In the alternative, the

---

[2] The Moving Defendants are mindful of the Court's Order that "parties shall seek extensions of time in a timely fashion" and that such motions are "not self-executing." [ECF No. 4]. The Moving Defendants do not seek an adjournment of pending deadlines simply to enlarge their time to respond, but instead in the interest of promoting efficiency and avoiding duplication and seriatim filings, and in response to very recent developments in these matters outside of defendants' control—namely, the filing of the *Snell* and *Manga Charter* actions, and plaintiffs' Motion to Consolidate, which was filed only yesterday.

Moving Defendants respectfully request that the Court order defendants to file their responses to the complaint in this Action on or before June 15, 2024.[3]

8. The temporary adjournment of defendants' deadlines to respond to the complaints in the actions currently (or soon to be) assigned to this Court will promote efficiency by (1) ensuring that defendants are responding to the operative complaints, consolidated, amended, or otherwise, and (2) allowing defendants to effectively coordinate and streamline their response(s), thus narrowing the number of distinct motions to dismiss filed by defendants as much as is practicable. A uniform response deadline will also allow the Court and the plaintiffs in all relevant actions to avoid numerous distinct briefing schedules unique to each defendant.

9. Federal Rule of Civil Procedure 6(b) provides, in pertinent part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . . " *See* Fed. R. Civ. P. 6(b)(1)(A); *see also Osahar v. United States Postal Serv.*, No. 04-16036, 2005 WL 1400209 at *2 (11th Cir. June 13, 2005). Similarly, Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order upon a showing of "good cause." Indeed, Rule 16 "can achieve its purpose of improving the quality of justice only if the pretrial requirements entered at the discretion of the trial court are applied with intelligent flexibility, taking into full consideration the exigencies of each situation." *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971); *see also Clark v. Hercules Inc.*, No. 2:13-cv-794, 2017 WL 3316311 at *13 (M.D. Fla. Aug. 3, 2017) (extending "remaining case management deadlines by ninety (90) days."). As this case is still in its infancy, no Rule 26(f) conference has been held.

---

[3] A proposed order granting this Motion's request for an adjournment of defendants' response deadlines has been attached as Exhibit A, and will be emailed to the Court pursuant to Chambers' guidelines, with the recognition that the Court may elect to order the alternative relief sought.

10. This Motion is made in good faith and not for the purposes of delay or harassment. No Parties would be prejudiced by the requested relief, as it would allow the Moving Defendants and other defendants to coordinate their various responses to the complaints in the *Ya Mon*, *Snell*, and *Magna Charter* Actions, and promote the overall streamlining of this case, in accordance with the Court's March 4, 2024 docket order. [ECF No. 4]. Likewise, the requested relief would allow for the Court to consider plaintiffs' Motion to Consolidate.

11. Undersigned counsel have conferred with Plaintiff's counsel in this Action, who has advised that they do not oppose the relief sought herein.

**WHEREFORE**, the Moving Defendants respectfully request that this Court enter an Order adjourning all of the varied operative deadlines for *all defendants* to move to dismiss or otherwise respond to the Complaint in this Action and the complaint in the *Snell* Action (and to the complaint in the *Magna Charter* Action, should that case be reassigned to this Court). In the alternative, the Moving Defendants respectfully request that the Court order defendants to file their responses to the Complaint in this Action on or before June 15, 2024.

**CERTIFICATE OF CONFERRAL**

Pursuant to the Local Rules, counsel for the Moving Defendants conferred with Plaintiff's counsel in this Action regarding the requested relief, and was advised that the Plaintiff does not oppose the relief sought.

Dated:  March 29, 2024                                      Respectfully submitted,

By:  /s/  Christina M. Paul

Christina M. Paul, Esq.
Florida Bar No. 596876
christina.paul@klgates.com
Charles F. Wolf, Esq.
Florida Bar No. 99227
charles.wolf@klgates.com
**K&L Gates LLP**
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, FL  33131-2399
Telephone:     305-539-3300
Facsimile:      305-358-7095

Michael E. Martinez (*pro hac vice* pending)
michael.martinez@klgates.com
Brian J. Smith (*pro hac vice* pending)
brian.j.smith@klgates.com
**K&L Gates LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone:     312-372-1121
Facsimile:      312-827-8000

*Counsel for Defendants*
*Northrop & Johnson Yachts-Ships LLC,*
*Galati Yacht Sales, LLC, and*
*MarineMax, Inc.*

W. Scott Turnbull
Florida Bar No. 0038626
turnbull@crarybuchanan.com
**Crary Buchanan, P.A.**
759 S.E. Federal Hwy., Ste. 106
Stuart, Florida 34994
Telephone: 772-223-4307

*Counsel for Defendant United Yacht Sales, LLC*


Justin Stern
Florida Bar No. 1010139
justin.stern@morganlewis.com
**Morgan, Lewis & Bockius LLP**
600 Brickell Avenue, Suite 1600
Miami, Florida 33131-3075
Telephone: 305-415-3444

Stacey Anne Mahoney (*pro hac vice* pending)
stacey.mahoney@morganlewis.com
**Morgan, Lewis & Bockius LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

Kenneth Michael Kliebard (*pro hac vice* pending)
kenneth.kliebard@morganlewis.com
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
Telephone: (312) 324-1000

William T. McEnroe (*pro hac vice* pending)
william.mcenroe@morganlewis.com
**Morgan, Lewis & Bockius LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Telephone: 215-963-5000

*Counsel for Defendant HMY Yacht Sales, Inc.*

Sean A. Burstyn
Florida Bar No. 1028778
**Burstyn Law PLLC**
1101 Brickell Avenue
Suite S700
Miami, FL 33131
Tel: (305) 204-9808
sean.burstyn@burstynlaw.com

Lawrence E. Buterman (*pro hac vice* forthcoming)
**Latham & Watkins LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Anna M. Rathbun (*pro hac vice* forthcoming)
Christopher J. Brown (*pro hac vice* forthcoming)
**Latham & Watkins LLP**
555 Eleventh St, NW Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
anna.rathbun@lw.com
chris.brown@lw.com

*Counsel for Defendants Permira Advisers LLC and Boats Group, LLC*

8

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 29th day of March, 2024.

                      */s/  Christina M. Paul*