UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20805-KMM

YA MON EXPEDITIONS, LLC,
a limited liability corporation,
on behalf of itself and all others similarly situated,

    Plaintiff,
v.

INTERNATIONAL YACHT BROKER'S
ASSOCIATION, INC.,

    Defendants.
                                         /

## ORDER CONSOLIDATING CASES

THIS CAUSE came before the Court upon Plaintiff's Motion to Consolidate Related Actions and for Appointment of Interim Co-Lead Class Counsel. ("Mot.") (ECF No. 20). The Motion to Consolidate is largely unopposed.[1] *Id.* at 14. This Order addresses only the Motion to Consolidate; the Court will address the request to appoint co-lead counsel in a forthcoming order. As discussed below, the Motion to Consolidate is GRANTED.

**I. BACKGROUND**

On February 29, 2024, Plaintiff filed the instant Action on behalf of itself and a class of others similarly situated. *See generally* ("Compl.") (ECF No. 1). Plaintiff is a yacht seller that listed a yacht on one or more Multiple Listing Services ("MLS"). *Id.* ¶ 1. Defendants consist of various boating brokerages and yacht broker associations. *Id.* ¶¶ 23–37. Plaintiff alleges that

---

[1] Plaintiffs state that at this point, most Defendants have been served. Mot. at 14. Defendants Permira Advisers LLC, Boats Group LLC, Yacht Broker's Association of America, Inc., and Sharon & Jack Malatich, LLC do not oppose consolidation. *Id.* Counsel for Northrop & Johnson and MarineMax, and counsel for United Yacht Sales LLC could not be reached. *Id.*

Defendants conspired to impose and enforce an anti-competitive rule that requires all brokers to make a non-negotiable offer of buyer-broker compensation (the "Buyer-Broker Commission Rule") when listing a vessel on an MLS. *Id.* ¶ 2. Plaintiff further alleges that Defendants, through their control of the MLSs, collectively require brokers to follow the Buyer-Broker Commission Rule, thereby forcing yacht sellers to bear an inflated cost that would, in a competitive market, be borne by the buyer. *Id.* ¶¶ 7–10. Thus, Plaintiff asserts one claim against Defendants, for violation of the Sherman Act, 15 U.S.C. § 1. *Id.* ¶¶ 139–146.

Plaintiffs now seek to consolidate this action with *Snell v. Allied Marine, Inc.*, Case No. 0:24-cv-60461-KMM (filed March 22, 2024) (the "Snell Action") and *Magna Charter, LLC v. Boats Group, LLC*, Case No. 24-cv-21146-KMM (filed March 26, 2024) (the "Magna Charter Action"), currently pending before this Court. *See generally* Mot. At the time the instant Motion was filed, the Magna Charter Action had not been transferred to this Court yet. Plaintiffs explain that once the Magna Charter Action was transferred, consolidation of that case would also be appropriate. *Id.* at 1.

**II.   LEGAL STANDARD**

Rule 42(a) of the Federal Rules of Civil Procedure provides district courts the power to consolidate actions that "involve a common question of law or fact . . . ." Fed. R. Civ. P. 42(a). Rule 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citation and internal quotation marks omitted). The Rule "vests a purely discretionary power in the district court." *Id.* (citation and internal quotation marks omitted). District court judges in the Eleventh Circuit "have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary

2

repetition and confusion." *Id.* (citation and internal quotation marks omitted).  In exercising its discretionary power to consolidate, the court should determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1485 (11th Cir. 1985) (citation and internal quotation marks omitted).

### III. DISCUSSION

The Court finds that consolidation of the instant Action, the Snell Action, and the Magna Charter Action is warranted.  All three cases involve common questions of law or fact:  each Action arises out of Defendants' alleged enforcement of an anti-competitive rule that requires pre-owned boat and yacht sellers to pay a brokerage fee to the buyer's broker, as well as a total aggregate commission fee that is inflated as a condition for selling their boats or yachts.  The cases also share some of the same Defendants.  Finally, the plaintiffs in all three cases make a claim for violation of the Sherman Act.  Thus, consolidation would streamline judicial resources and greatly minimize the risk of confusion.  Based on considerations of efficiency, judicial economy, the risk of inconsistent rulings on common questions, the burden on the parties and the court, and the relative expense of proceeding separately versus together, consolidation of these actions would plainly streamline these proceedings and eliminate unnecessary repetition and confusion.  Litigating the main issues in these three cases in a single proceeding is more sensible than to do so piecemeal in multiple actions.

Relatedly, Defendants Northrop & Johnson Yachts-Ships LLC, Galati Yacht Sales, LLC, MarineMax, Inc., United Yacht Sales, LLC, HYM Yacht Sales, Inc., Permira Advisers LLC, and

3

Boats Group, LLC submitted an Unopposed Motion to Adjourn or Extend Deadlines to Respond to the Complaint. (ECF No. 37). Therein, certain Defendants in the instant Action request that the Court adjourn deadlines for all Defendants to move to dismiss or otherwise respond to the Complaints in all three Actions. *Id.* at 3. Defendants argue that upon consolidation of the three cases, Plaintiffs may seek to file an amended consolidated complaint, so it would be impracticable and inefficient for Defendants to respond to the current complaints in the three Actions. *Id.*

## IV.  CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion to Consolidate, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion to Consolidate (ECF No. 20) is GRANTED. It is FURTHER ORDERED AND ADJUDGED that:

1. The above-captioned action, Case No. 1:24-CV-20805-KMM, as well as Case No. 0:24-CV-60461-KMM and Case No. 1:24-CV-21146-KMM are hereby consolidated into the lower-numbered action (hereinafter, the "Consolidated Action") for all purposes, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. From this point on, all pleadings and motions shall be filed in Case No. 1:24-CV-20805-KMM. The operative pleadings against Defendants will be the claims asserted in the instant Complaint;

3. The Unopposed Motion to Adjourn or Extend Deadlines to Respond to the Complaint (ECF No. 37) is GRANTED IN PART. All deadlines to respond to the complaints in Case No. 1:24-CV-20805-KMM, Case No. 0:24-CV-60461-KMM, and Case No. 1:24-CV-21146-KMM are TERMINATED.

4. The Parties shall submit a joint scheduling report that complies with the requirements set forth in the Court's Pretrial Order (ECF No. 4) on or before May 31, 2024. The joint scheduling report should include whether the Parties intend on filing a consolidated complaint and any related proposed deadlines;

5. The Clerk shall administratively CLOSE Case No. 0:24-CV-60461-KMM and Case No. 1:24-CV-21146-KMM;

6. The Court DEFERS RULING on the Motion to Appoint Co-Lead Counsel (ECF No. 20). The Court will render a decision on the appointment of lead counsel in due course.

DONE AND ORDERED in Chambers at Miami, Florida, this  1st   day of April, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record