UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20805-KMM

YA MON EXPEDITIONS, LLC,
a limited liability corporation,
on behalf of itself and all others similarly situated,

Plaintiff,
v.

INTERNATIONAL YACHT BROKER'S
ASSOCIATION, INC., *et al.*,

Defendants.
_____/

**SCHEDULING ORDER AND REFERRAL FOR MEDIATION**

This case is now set for trial commencing the two-week trial period of October 20, 2025, at 9 a.m. in Courtroom 13-1, (thirteenth floor) United States Courthouse, 400 North Miami Avenue, Miami, Florida. All parties are directed to report to the calendar call on October 16, 2025, at 2 p.m., at which time all matters relating to the scheduled trial date may be brought to the attention of the Court. A final pretrial conference as provided for by Rule 16, Fed. R. Civ. P., and Rule 16.1(C), S.D. Fla. L.R., is scheduled for October 7, 2025, at 11 a.m. This Schedule is entered to facilitate a "just, speedy, and inexpensive determination of [this] action" as required by Federal Rule of Civil Procedure 1. Accordingly, it is ORDERED AND ADJUDGED as follows:

**I.      Schedule.** The Parties shall adhere to the following schedule:

| | |
|---|---|
| June 10, 2024 | <u>Consolidated Complaint</u>: Plaintiffs shall file a consolidated complaint. |
| July 10, 2024 | <u>Responding to the Consolidated Complaint</u>: Defendants shall respond to the forthcoming consolidated complaint thirty (30) calendar days after it is filed. If any Defendant files a motion to dismiss, Plaintiffs shall file any opposition within twenty (20) calendar days and |

1

|  |  |
|---|---|
|  | Defendants shall file any replies twenty (20) calendar days thereafter.  All motions to amend the pleadings or to join additional parties must be filed by the later of forty-five (45) days after the date of entry of this Order, or forty-five (45) days after the first responsive pleading by the last responding defendant. |
| July 12, 2025 | Discovery Deadline: All methods for disclosures and discovery provided by the Federal Rules of Civil Procedure shall be completed by the Parties, including all motions relating to discovery, one hundred (100) days prior to the date of trial.  The filing of motions shall not operate to toll or extend the discovery cut-off date. |
| July 12, 2025 | Class Certification: Any and all motions on class certification must be filed no later than one hundred (100) days prior to the date of trial. |
| August 1, 2025 | Pre-trial Motions: Any and all pretrial motions, including motions for summary judgment, Daubert motions, and motions in limine must be filed no later than eighty (80) days prior to the trial date. |
| October 7, 2025 | Final Pretrial Conference:  A final pretrial conference as provided for by Rule 16, Fed. R. Civ. P., and Rule 16.1(C), S.D. Fla. L.R., is scheduled for October 7, 2025, at 11 a.m. in Courtroom 13-1, (thirteenth floor) United States Courthouse, 400 North Miami Avenue, Miami, Florida. |
| October 16, 2025 | Calendar Call: All parties are directed to report to the calendar call in Courtroom 13-1, (thirteenth floor) United States Courthouse, 400 North Miami Avenue, Miami, Florida, on October 16, 2025, at 2 p.m., at which time all matters relating to the scheduled trial date may be brought to the attention of the Court. |
| October 20, 2025 | Trial: Trial is set for the two-week trial period of October 20, 2025, at 9 a.m. in Courtroom 13-1, (thirteenth floor) United States Courthouse, 400 North Miami Avenue, Miami, Florida. |

**II.** **Multiple Defendants.**  Defendants shall file their responses and motions jointly.  If there are conflicts of position, Defendants shall file a motion for leave to file separate responses or motions, in which they must describe what those conflicts are.  If Defendants file a joint response or motion, it must contain all bases for dismissal, stay, abstention, or other relief that Defendants intend to raise.  Nothing in this Order precludes Defendants from later raising (non-waivable) jurisdictional defenses.

**III.** **Motions.**  All motions to amend the pleadings or to join additional parties must be filed by the later of forty-five (45) days after the date of entry of this Order, or forty-five (45) days after the first responsive pleading by the last responding defendant.  Any and all pretrial motions, including motions for summary judgment, Daubert motions, and motions in limine must be filed no later than eighty (80) days prior to the trial date.  Responses to summary judgment motions must be filed no later than fourteen (14) days after service of the motion, and replies in support of the motion must be filed no later than seven (7) days after service of the response, with both deadlines computed as specified in Rule 6, Fed. R. Civ. P.

The Parties are hereby notified that this Court requires strict compliance with Local Rule 56.1 regarding the filing of any motion for summary judgment and corresponding statements of material facts.  For evidence not previously filed on the docket, and to the extent practicable, evidentiary support for a Party's statement of material facts shall be filed as separate exhibits within the Court's electronic case filing system; the first citation to any evidence in support of a motion for summary judgment or statement of material facts shall provide the docket entry for that evidence using the form "ECF No."  In all circumstances, citations to any composite exhibit shall provide both the page number assigned by the Court's electronic case filing system (i.e., the page number of the PDF) and the page number of the document.

Each party is limited to one Daubert motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties must file for leave to exceed the page limit. Each party is also limited to one motion in limine (other than Daubert motions). If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties must file for leave to exceed the page limit.

**IV.** **Referral for Mediation.** Trial having been set in this matter for the two-week trial period beginning October 20, 2025, at 9:00 a.m. pursuant to Rule 16 of the Federal Rule of Civil Procedure and Rule 16.2 of the Local Rules of the United States District Court for the Southern District of Florida, it is hereby ORDERED AND ADJUDGED as follows:

1. All parties are required to participate in mediation. The mediation shall be completed no later than eighty (80) days before the scheduled trial date.

2. Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of this Court, but may select any other mediator. The parties shall agree upon a mediator and file a Notice of Mediator Selection within fifteen (15) days from the date of this Order. If there is no agreement, lead counsel shall file a request for the Clerk of Court to appoint a mediator in writing within fifteen (15) days from the date of this Order, and the Clerk shall designate a mediator from the List of Certified Mediators. Designation shall be made on a blind rotation basis.

3. The parties shall agree upon a place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties and file a Notice of Scheduling Mediation no later than one hundred and ten (110) days prior to the scheduled trial date. If the parties cannot agree to a place, date, and time for the mediation, they may motion the Court for an order dictating the place, date, and time.

4. **The physical presence of counsel and each party with full authority to enter in a full and complete compromise and settlement is mandatory.** If any party is not an individual (e.g., a corporation), a representative of that party with full authority to enter in a full and complete compromise and settlement is mandatory. The mediation shall take place in person absent good cause shown by the parties. No party shall be excused from attendance without express authorization from the Court. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

5. All discussions, representations and statements made at the mediation conference shall be confidential and privileged.

6. At least ten (10) days prior to the mediation date, all parties shall present to the mediator a brief written summary of the case identifying issues to be resolved. Copies of those summaries shall be served on all other parties.

7. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein, or who otherwise violate the terms of this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

8. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2.B.6, or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court. All payments shall be remitted to the mediator within 30 days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at

    least two (2) full business days in advance. Failure to do so will result in imposition of a fee for one hour.

9. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2.F, by filing a notice of settlement signed by the counsel of record within ten (10) days of the mediation conference. Thereafter, the parties shall forthwith submit an appropriate pleading concluding the case.

10. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

11. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**V.**     **<u>Discovery, Pre-Trial Stipulation, Exhibit Lists, and Witness Lists</u>.** Rule 26(a)(2) expert disclosures shall be completed one hundred thirty (130) days prior to the date of trial. All discovery, including expert discovery, shall be completed one hundred (100) days prior to the date of trial. The failure to engage in discovery pending settlement negotiations shall not be grounds for continuance of the trial date.

    A bilateral pretrial stipulation and all other pretrial preparations shall be completed NO LATER THAN FIVE DAYS PRIOR TO THE PRETRIAL CONFERENCE. The Parties' joint pre-trial stipulation, exhibit lists, and witness lists must be submitted in accordance with Local Rule 16.1(d) and (e). All exhibits must be pre-marked, and a typewritten exhibit list setting forth the number and description of each exhibit must be submitted at the time of trial. Plaintiffs' exhibits shall be marked numerically with the letter "P" as a prefix. Defendants' exhibits shall be marked numerically with the letter "D" as a prefix.

**VI.    Jury Instructions or Proposed Findings of Fact and Conclusions (for Non-Jury Trials).** For a jury trial, counsel shall prepare and submit proposed jury instructions to the Court. The Parties shall submit their proposed jury instructions and verdict form jointly, although they do not need to agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff should be underlined. Instructions proposed only by a defendant should be italicized. Every instruction must be supported by citation to authority. The parties should use the Eleventh Circuit Pattern Jury Instructions for Civil Cases as a guide, including the directions to counsel contained therein. The parties shall jointly file their proposed jury instructions via CM/ECF, and shall also submit their proposed jury instructions to the Court via e-mail at moore@flsd.uscourts.gov in WordPerfect or Word format. For a non-jury trial, the parties shall prepare and submit to the Court proposed findings of fact and conclusions of law fully supported by the evidence, which counsel expects the trial to develop, and fully supported by citations to law. The proposed jury instructions or the proposed findings of fact and conclusions of law shall be submitted to the Court no later than five (5) business days prior to the scheduled trial date. Pursuant to Administrative Order 2016-70 of the Southern District of Florida and consistent with the Court of Appeals for the Eleventh Circuit's Local Rules and Internal Operating Procedures, within three days of the conclusion of a trial or other proceeding, parties must file via CM/ECF electronic versions of documentary exhibits admitted into evidence, including photographs of non-documentary physical exhibits. The Parties are directed to comply with each of the requirements set forth in Administrative Order 2016-70 unless directed otherwise by the Court.

**VII.    Settlement.** If the case settles in whole or in part, the Parties must inform the Court immediately by telephone and file a Notice of Settlement within twenty-four (24) hours.

The filing by counsel of a "Notice of Unavailability" by motion or otherwise is not

provided for under the Local Rules and shall not be presumed to alter or modify the Court's Scheduling Order.

      DONE AND ORDERED in Chambers at Miami, Florida, this __4th__ day of June, 2024.

                                     K. MICHAEL MOORE
                                     UNITED STATES DISTRICT JUDGE

c:       All counsel of record