UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-20805-KMM

YA MON EXPEDITIONS, LLC, BLUEBERRY ENTERPRISES, LLC, MAGNA CHARTA, LLC, PRIDE CONTRACTING, INC., KIP LAMAR SNELL, and JUAN GALAN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

vs.

ALLIED MARINE, INC., GALATI YACHT SALES, LLC, HMY YACHT SALES, INC., MARINEMAX, INC., NORTHROP & JOHNSON YACHTS-SHIPS, LLC, FRASER YACHTS FLORIDA, INC., FRASER YACHTS CALIFORNIA CORPORATION, MARINEMAX EAST, INC., ONEWATER MARINE INC., DENISON YACHTS INTERNATIONAL, LLC, YACHTING ASSETS AND OPERATIONS LLC, UNITED YACHT SALES, LLC, INTERNATIONAL YACHT BROKERS ASSOCIATION, INC., YACHT BROKERS ASSOCIATION OF AMERICA, INC., CALIFORNIA YACHT BROKERS ASSOCIATION, INC., NORTHWEST YACHT BROKERS ASSOCIATION, BOATS GROUP, LLC, PERMIRA ADVISERS LIMITED, PERMIRA ADVISERS LLC, and YATCO, LLC.

    Defendants.

**REPLY MEMORANDUM IN SUPPORT OF
CYBA OMNIBUS MOTION TO DISMISS PURSUANT TO; FED. R. CIV. P. 12(b)(6)
FAILURE TO STATE A CLAIM; FED. R. CIV. P. 12(b)(7) FAILURE TO JOIN A
NECESSARY PARTY; FED. R. CIV. P. 12(b)(3) IMPROPER VENUE**

I.  INTRODUCTION

The California Yacht Brokers Association (hereafter "CYBA") renews its requests for dismissal of the First Amended Consolidated Complaint (hereafter "FAC"), pursuant to Fed. R. Civ. P. 12(b)(6) Failure to State a Claim, Fed. R. Civ. P. 12(b)(7) Failure to Join Necessary Party, and Fed. R. Civ. P. 12(b)(3) Improper Venue.

A.  EXHIBITS 1 – 7:  PLAINTIFFS' EVIDENTIARY OBJECTIONS LACK MERIT

Pursuant FRE 201, "[t]he Court may take judicial notice of government publications and website materials." *Coastal Wellness Centers, Inc. v. Progressive Am. Ins. Co.,* 309 F. Supp. 3d 1216, 1220 (fn 4) (S.D. Fla. 2018); *Abdus–Sabur v. Hope Village, Inc.*, 221 F.Supp.3d 3, 9–10 & n.3 (D.D.C. 2016); *United States ex rel. Fox RX, Inc. v. Omnicare, Inc.*, 38 F.Supp.3d 398, 405–06 & n.6 (S.D.N.Y. 2014).  The CYBA's Exhibits 1-3, come from the website of the California Division of Boating and Waterways (hereafter "DBW").  The URLs are current and authenticated by Dec. C.M. Brainard and Amended Dec. Mark P. White, Pres., CYBA[1]:

**Ex. 1** – DBW Enforcement Newsletters 2015, 2017, 2019, 2020, 2021.
https://dbw.parks.ca.gov/?page_id=28970 (last visited 9/3/2024).

**Ex. 2** – DBW Advising Publicly Seller Pays Commission. "What to Consider Before Buying a Boat or Selecting a Broker," stating, "Who pays the broker at the conclusion of the transaction? The seller pays the commission earned by the licensed yacht and ship broker – not the buyer."
https://dbw.parks.ca.gov/?page_id=29091 (Last visited 9/3/2024).

**Ex. 3** – DBW Broker Licensing Exam Study Materials.  DBW requires seller's broker owes fiduciary duty to buyer (Pgs. 9-10), and by definition seller pays for buyer's broker representation in CA – i.e., "Buyer Protected State."
https://dbw.parks.ca.gov/pages/28702/files/2%20-%20Yacht%20and%20Ship%20Licensing%20Study%20Material.pdf (last visited 9/3/2024).

---

**1** Plaintiffs note the original Dec. Mark P. White submitted "undated" and as such, CYBA submits an amended **dated** declaration with the most current URLs for the DBW websites.

Thus, the Court may consider these three exhibits as evidence for all purposes. Further, on a "Rule 12(b)(3) motion, the court may consider matters outside the pleadings such as affidavit testimony." *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). Similarly, "[t]he Court is not limited to the facts alleged in the pleadings when considering a motion to dismiss for failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7)." *Rook v. First Liberty Ins. Corp.,* 591 F. Supp. 3d 1178, 1179–80 (N.D. Fla. 2022). As such, the Ex. 4-6, and testimony in the Amended Dec. M. P. White, Pres. CYBA, may be considered:

**Ex. 4** – CYBA Code of Ethics. Section 18, allows commission sharing, but does not require it. Cited by Complaint Paragraph 96, Fn. 25, and common knowledge.

**Ex. 5** – CYBA's Current Exclusive Listing Agreement. Paragraph 4, does not provide a commission amount (i.e., by definition "negotiable"), Paragraph 10, allows cooperative brokerage and commission sharing, but does not require it. [2]

**Ex. 6** – CYBA's Contemplated Exclusive Listing Agreement "No Commission Sharing." Prohibits commission sharing (At Paragraph 4: "Broker will not share the commission…"). Never Adopted by CYBA – i.e., violates HNC § 712,; violates CCR § 7605, "Shared Listings; Violates DBW's mandated dual fiduciary duty; and is "unreasonable restraint" pursuant to 15 U.S.C. § 1.

The CYBA also herewith provides an additional Exhibit 7, "Legislative History HNC," and requests judicial notice pursuant to FRE 201, of:

**Ex. 7** – Legislative History HNC, from Third Assembly Reading, AB 1184, January 17, 1978, stating when enacting the HNC §§ 700-740, "…objectives of licensing is to protect public from **fraudulent acts by persons engaged in the sale or resale of vessels**…" – I.e., protect buyers. [Emphasis added.] (See Dec. Christopher M. Brainard, authenticating).

**II.     THE CYBA HAS IMMUNITY THROUGH STATE ACTION**

    **A.     *MIDCAL* ELEMENT 1:  THE OPPOSITION ADMITS HNC § 712 ALLOWS SELLER'S BROKER TO PAY BUYER BROKER'S COMMISSION**

---

[2] CYBA reserves the right to compel arbitration at a later time. *Zononi v. CHW Group, Inc.,* SDFL 2023 WL8679400;  See also [ECF 171].

The first prong of *Midcal* may be satisfied by state legislation. *California Retail Liquor Dealers Association v. Midcal Aluminum, Inc.,* 445 U.S. 97, 105 (1980); *See also Tri-State Rubbish, Inc. v. Waste Mgmt., Inc.*, 998 F.2d 1073, 1077 (1st Cir. 1993) ("The district court's reading of the… statute follows its plain language…"). As a consequence, the Opposition is forced to admit that it is legal pursuant to California law for sellers brokers to pay the buyers brokers commissions. See Opposition, pg. 4-5. HNC § 712 clearly **articulates** that it is specifically legal for seller's broker to pay a commission to a buyer's broker so long as they are "licensed broker" in California or a "broker of another state or country." *Id.*

1. **THE CYBA DOES NOT "FORCE" COMMISSION SHARING, SPLITS, NOR AMOUNTS**

In light of HNC § 712, and left with little left to argue, the Opposition pushes the notion that the CYBA "requires" or "forces" sellers to pay buyers brokers commissions. However, this makes no sense because removing the CYBA from the world (including its Ethics Section 18 (Ex. 4) and CYBA's Exclusive Listing Agreement, Paragraph 10 (Ex. 5)), <u>would make NO change in commission sharing</u>. First, Section 18, does not require commission sharing and only that agreements be entered "early," so sellers brokers would still pay buyers brokers pursuant to HNC § 712. Second, HNC § 712 exists in conjunction with HNC § 732(d), which authorizes sellers brokers to act on behalf of buyers <u>without disclosure and without consent</u>. HNC § 732(d), clearly elucidates this in its prohibition of a broker who:

"(d) **Acts for the buyer and seller** in a transaction **without full disclosure** of that fact to the buyer and seller **and** their **written consent**, **except in the case where the selling broker is not the listing broker.**" [Emphasis added.]

Thus, seller's broker may "act" on behalf of buyer by **paying buyer broker's commission** pursuant to HNC §712, **without "disclosure"** and **without "consent" from seller** pursuant to

3

HNC §732(d).  Therefore, the CYBA is not forcing anything, <u>California authorizes sellers brokers to act for buyer including paying his commission without disclosure nor consent</u>.  Further, if the CYBA abide Plaintiffs and take action to <u>prohibit</u>, <u>limit</u>, or <u>interfere</u> with sellers brokers right to pay buyers brokers commissions, it would violate of HNC § 712 and HNC §732(d), which pursuant to HNC § 738, would constitute a **Class 1 Criminal Misdemeanor**.

The Opposition admits that the CYBA Exclusive Listing Agreement leaves the commission amount "blank" making it **"technically negotiable**."  See Opposition, Pg. 14 ("…technically negotiable…").  By doing this the Opposition itself dispels the notion that the CYBA is part of any horizontal price fixing scheme by admitting as it must at their page 14, that in the CYBA listing agreement the "commission is **left blank**, making the amount **technically negotiable**…" [Emphasis added.] See Opposition Page 14.

### B. *MIDCAL* ELEMENT 2:  OVERWHELMING PROOF OF ACTIVE SUPERVISION AND ENFORCEMENT BY THE DBW

#### 1. CALIFORNIA AUTHORIZES THE DBW TO ENFORCE VIOLATIONS OF HNC §§ 700-740, AGAINST ANYONE – ADMINISTRATIVELY, CIVILLY, AND CRIMINALLY

Article 2, of the California Harbors and Navigation Code (i.e., HNC §§ 700-740), provides a thorough statutory scheme of supervision for California Yacht and Ship Brokers.  Commencing with HNC § 703, entitled "Director's authority," gives broad powers to the DBW to enforce, regulate, and control all activities encompased in HNC §§ 700-740, as it states:

**"703. Directors Authority.**

(a) The director may…  **select, employ, and fix the compensation of such employees** as may be necessary properly **to administer this article**…
(c) The director may **regulate** and **control** the issuance, denial, **suspension**, and **revocation**, both temporary and permanent, of the licenses issued under this article.
(d) The director may **perform all other acts and duties necessary for the proper enforcement of this article**.

4

(e) The director **may institute proceedings in any court of competent jurisdiction to enforce** the provisions of this article **by injunction or otherwise**….
(g) The director may **prescribe rules and regulations to carry this article into effect**…
[Emphasis Added.]

Further, HNC § 732, gives the DBW specific authority to enforce HNC § 712, as it states:

**"732. Denial of application, suspension, or revocation.**

The department may deny an application or temporarily suspend or **permanently revoke the license of a broker** or a salesperson **at any time** if the licensee, while a broker or salesperson, in performing or attempting to perform any of the acts within the scope of this article, has committed **any of the following acts**:
   (a) Makes any substantial misrepresentation, including a false advertisement or an omission of relevant facts upon which any person has relied.
   (b) Makes a false warranty of a character likely to influence, persuade, or induce any person with whom business is transacted under this article.
   (c) Engages in a continued and flagrant course of misrepresentation or makes false warranties whether or not relied upon by another person.
   (d) **Acts for the buyer and seller in a transaction without full disclosure of that fact to the buyer and seller and their written consent, except in the case where the selling broker is not the listing broker.**
***
   (k) **Demonstrates negligence or incompetence in performing any act** for which he or she is required to hold a license.
***
   (n) **Violates** any provisions of Section 708, **712**, 714, 715, 716, 730, or 731, or the rules and regulations of the department implementing this article.

[Emphasis Added.]

Notably, HNC § 732(d), allows seller's broker to act on behalf of the buyer (i.e., protect the buyer) <u>without consent or disclosure to seller</u>. Further, HNC § 734(n), specifically authorizes enforcement by the DBW of HNC § 712. Plaintiffs' Opposition argues that the DBW's can "…solely regulate the denial, suspension or revocation of licensees, not the action of associations." Opposition, Pg. 5. Not so. As part of the DBW legislated supervisory processes, HNC § 734 prescribes enforcement of any part of HNC §§ 700-740, <u>against anyone</u>, "…whether licensed or not…" Further, the California legislature has specified that violations of HNC §§ 700-740, are

5

**Class 1, Criminal Misdemeanors** as § 738, states, "**Each violation** of a section or subdivision **of a section of this article**, excepting Section 709, is a **misdemeanor…**"[3]

The CYBA cannot overrule the DBW nor the HNC and interfere with sellers brokers paying buyers brokers commissions and the fact that the CYBA allows commission sharing <u>while not requiring it</u> is a "reasonable consequence" of the "authorized activity."  *See Gold Cross Ambulance & Transfer v. City of Kansas City*, 705 F.2d 1005 (8th Cir. 1983) ("…sufficient state policy to displace competition exists if the challenged restraint is a necessary or **reasonable consequence** of engaging in **the authorized activity**." [Emphasis added.]).

   2.   **THE DBW ACTIVELY SUPERVISES THROUGH MODIFICATION OF THE CONDUCT GOVERENED BY HNC §§ 712 & 732(d) BY REQUIRING A DISCLAIMER**

HNC § 707, authorizes the "DBW Enforcement Newsletters" (Ex. 1), as it states, "**…may publish such additional information as it deems expedient. The department may also issue a periodical bulletin concerning affairs arising under the administration of this article**…" [Emphasis added.] The DBW Enforcement Newsletters are illustrative of the fact that the DBW actively **reviews**, **supervises**, and **modifies** the conduct at issue in HNC § 712 ("…pay a commission…") and § 732(d) ( "without… disclosure… and… consent…").  Throughout <u>Exhibit 1</u>, the DBW describes and threatens enforcement of the entire HNC and CCR.

Further, it is also remarkable to the discussion that the DBW Enforcement Letters repeatedly quote HNC § 712 verbatim – thereby proving active supervision of the exact code

---

**3** Further proof of DBW regulation the CYBA is found in the <u>DBW Broker Licensing Exam Study Materials</u> (Ex. 3), Page 11, "…California Yacht Brokers Association (CYBA) has requested, and the Department has agreed, that brokers should be given a copy of the letter…"

provision that authorizes commission sharing (e.g., 2015 DBW Enforcement Newsletter; 2021 DBW Enforcement Newsletter, etc. (Ex.1)). Active supervision of all of the related conduct surrounding commission sharing is glaringly obviated in the 2021 DBW Enforcement Newsletter, which specifically affirms and allows commission sharing from sellers brokers to buyers brokers "…**as long as they have the proper disclaimer. The disclaimer shall include the name and contact information for the licensed California brokerage that holds the listing**. Pursuant to HN Code 712…" [Emphasis added.]  See Exhibit 1. As iterated in the 2019 DBW Enforcement Letter, the DBW requires a proper disclaimer by buyers brokers advertising a vessel for commission share from seller brokers pursuant to HNC §§ 712 & 732(d)

    3.    **THE DBW ACTIVELY SUPERVISES THROUGH MODIFICATION OF HNC §§ 712 & 732(d) CONDUCT BY REQUIRING BUYERS BROKERS ALLOW SELLERS BROKERS AN "OPT OUT" OF BUYERS BROKERS' MARKETING**

The DBW has also *sua sponte* modified HNC § 712 conduct by requiring that seller's brokers be allowed to "**opt out**" of buyer brokers' advertising by stating, "**All brokers have the option to opt out** of the PLS service by not allowing other brokers to advertise your boats…" [Emphasis added.]  See 2019, DBW Enforcement Newsletter (Ex.1). This modification means seller's brokers can "opt out" of buyer brokers advertising and in so doing keep the whole commission if they so decide.

    4.    **THE DBW ACTIVELY SUPERVISES THROUGH MODIFICATION OF FIDUCIARY DUTIES OWED IN THE CONTEXT OF HNC § 712 & § 732(d) MANDATING SELLERS BROKERS PROTECT THE BUYERS AT SELLERS' EXPENSE MAKING CALIFORNIA A "BUYER PROTECTED" STATE**

If you sell a house with an undisclosed permitting issue or other latent defect, the consequence to the buyer is likely monetary. However, if you sell a lesser experienced sailor a yacht with a latent defect (e.g., oil leak in bilge, or wrong type of line on the main), you might

<u>have just killed him</u>.  As a consequence, HNC §§ 732 (a) & (b) <u>codify protections for buyers via heightened duties owed by sellers brokers to buyers</u>.  HNC §§ 732 (a) & (b) hold sellers brokers <u>strictly liable</u> for any misrepresentation or false warranty **regardless of intent,** stating:

"(a) Makes **any substantial misrepresentation**, including a false advertisement or an omission of relevant facts upon which any person has relied.
(b) Makes a **false warranty of a character** likely to influence, persuade, or induce any person with whom business is transacted under this article."

However, the DBW goes even further and *sua sponte* modifies the heightened protections afforded to buyers by the HNC through the creation of an <u>independent fiduciary duty owed by sellers broker to buyer</u>.  The DBW says it expressly in its "Yacht and Ship Licensing Study Material," Ex. 6, Pg. 9, Section titled "FIDUCIARY DUTY DEFEINED" as it states:

> "FIDUCIARY DUTY DEFINED.  (Excerpted from <u>Black's Law Dictionary</u>). Every licensed broker and salesperson has a fiduciary duty to both <u>buyer and seller,</u> even if one broker holds the listing for the seller, and another broker brings in the buyer."  [Underline Emphasis in Original.]

Thus the DBW has even modified the fiduciary duties owed by the sellers brokers and buyers brokers in the context of HNC §§ 712 & 732(d) ("… licensed broker may pay a commission to broker…").  Therefore, by definition, when seller hires a broker, seller pays for buyer's representation since the dual duty is created from inception pursuant to HNC and DBW.

Further the fact that the DBW is authorized to create duties protecting buyers and that California is "buyer protected" via seller's broker, is reflected in the legislative history of HNC §§ 700-740, where during the Assembly Third Reading, the digest of the legislation specifically stated that it was an objective to "… protect the public from **fraudulent acts by persons engaged in the sale or resale of vessels**…"  [Emphasis added.]  See Exhibit 7.

8

### III. FED. R. CIV. P. 12(b)(7) FAILURE TO JOIN A NECESSARY PARTY

"The Court is not limited to the facts alleged in the pleadings when considering a motion to dismiss for failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7)." *Rook v. First Liberty Ins. Corp.,* 591 F. Supp. 3d 1178, 1179–80 (N.D. Fla. 2022). CYBA has submitted Exhibits 1 – 7, showing Plaintiffs' desired prohibition of sellers brokers paying commissions to buyers brokers will require a change of HNC §§ 712, 732(d), 738, 740, the CCR. See Ex. 1.

The Opposition has provided no evidence whatsoever. Considering the HNC, CCR, and CYBA's Ex. 1-7, it is clear that California is a "necessary party" pursuant to Fed. R. Civ. P. 19(a)(1). Further, courts hold that if the absent party's joinder is not feasible—the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Here dismissal of the CYBA is required "in equity and good conscience" since (i) the Court cannot accord complete relief among the existing parties since California law will continue to allow commission sharing from sellers brokers to buyers brokers; ii) absence of State of California will prejudice both the CYBA's and California's ability to protect their interests relating to action; and (iii) absence of the State of California will create inconsistent obligations upon the CYBA based upon the Court's disposition since Plaintiffs object to commission sharing which California allows. Fed. R. Civ. P. 19(a-b).

### IV. FED. R. CIV. P. 12(b)(3) IMPROPER VENUE: THE CYBA DOES NOT DO "SUBSTANTIAL BUSINESS" IN THE SOUTHERN DISTRICT OF FLORIDA

Venue is appropriate in any district where the corporation engages in "any substantial business operations." *United States v. Scophony Corp. of America*, 333 U.S. 795, 804–05, 68 S.Ct. 855, 92 L.Ed. 1091 (1948). On a "Rule 12(b)(3) motion, the court may consider matters outside the pleadings such as affidavit testimony." *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). The CYBA has submitted Ex. 1-7 and the Amended Dec. Mark P. White, Pres.

9

CYBA, evidencing that the CYBA does no business in the District. Amended Dec. M. White, Pres. CYBA. Plaintiffs have provided no evidence whatsoever in response to the Opposition, arguing general jurisdiction pursuant to 28 U.S.C. § 1391, based on conclusions of a "conspiracy" with other Defendants in the District.

## V. CONCLUSION

For all of the aforementioned reasons stated herein the CYBA hereby requests it be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) for Failure to State a Claim, Fed. R. Civ. Proc. 12(b)(7) for Failure to Join Necessary Parties; and Fed. R. Civ. Proc. 12(b)(3) Improper Venue.

Respectfully submitted,

Date: September 12, 2024   /s/ *Christopher M. Brainard*

Christopher M. Brainard, esq.
*Applicant Pro Hac Vice* (CA SBN 199444)
christopherbrainard@gmail.com
8549 Wilshire Blvd., Pmb 2095, Beverly Hills, CA 90211
Tel: (310) 266 – 4115

Date: September 12, 2024   Respectfully submitted,

*/s/ Emily Heim*
Emily Heim
FL Bar No. 1015867
Bayramoglu Law Office, LLC
emily@bayramoglu-legal.com
11540 W. Warm Springs Rd., Ste 100, Henderson, NV 89014
Tel: (702) 462 – 5973

**CERTIFICATE OF SERVICE**

I, hereby certify that on September 12, 2024, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

By: */s/ Emily Heim*
EMILY HEIM, ESQ.
Bayramoglu Law Offices LLC

11