UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20805-KMM

YA MON EXPEDITIONS, LLC,
a limited liability corporation, on behalf of
itself and all others similarly situated,

    Plaintiff,
v.

INTERNATIONAL YACHT BROKER'S
ASSOCIATION, INC., *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court upon Defendant Yatco, LLC's ("Defendant" or "YATCO") Motion to Compel Arbitration and Stay Proceedings. ("Mot.") (ECF No. 185). Plaintiff Ya Mon Expeditions, LLC ("Plaintiff") filed a response in opposition. ("Resp.") (ECF No. 189). Defendant filed a reply in support. ("Reply") (ECF No. 191). The Motion is now ripe for review.

**I.     BACKGROUND**

On February 29, 2024, Plaintiff filed the instant Action on behalf of itself and a class of others similarly situated. *See generally* ("Compl.") (ECF No. 1). Plaintiff is a yacht owner who was interested in selling a used vessel on one or more Multiple Listing Services ("MLS"). *Id.* ¶ 1. Defendants consist of various boating brokerages and yacht broker associations. *Id.* ¶¶ 23–37. Plaintiff alleges that Defendants conspired to impose and enforce an anti-competitive rule that requires all brokers to make a non-negotiable offer of buyer-broker compensation (the "Buyer-Broker Commission Rule") when listing a vessel on an MLS. *Id.* ¶ 2. Plaintiff further alleges that

Defendants, through their control of the MLSs, collectively require brokers to follow the Buyer-Broker Commission Rule, thereby forcing yacht sellers to bear an inflated cost that would, in a competitive market, be borne by the buyer. *Id.* ¶¶ 7–10. On May 8, 2024, this Court entered an Order consolidating cases. *See* (ECF No. 123). In accordance with this Court's Order, Plaintiffs filed an Amended Complaint against all Defendants alleging "conspiracy to fix commissions" and "concerted refusal to deal" in violation of Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. §1. *See* Am. Compl. at 50–53. Thereafter, YATCO brought the instant Motion requesting that this Court compel Plaintiffs to arbitration for their claims against YATCO pursuant to its standard service agreement executed by Plaintiffs brokers before they were permitted to list vessels for sale on Defendant's websites. ("Agreement") (ECF No. 185–1 at 4–32).

**II.     LEGAL STANDARD**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, provides a federal "policy favoring arbitration." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022). As a threshold matter, "[u]nder both the FAA and the Convention 'the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate' it." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1213 n.9 (11th Cir. 2011) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). Put simply, parties will not be required to arbitrate absent their consent to arbitration. *See id.* Generally, "one who is not a party to an agreement cannot enforce its terms against one who is a party" because the right of enforcement belongs to those who have agreed to be bound. *Lawson v. Life of the S. Ins. Co., 648 F.3d 1166*, 1168 (11th Cir. 2011). Nevertheless, "a nonparty may force arbitration if the relevant state contract law allows him to enforce the agreement to arbitrate." *Id.* at 1170 (citation and internal quotation marks omitted). Accordingly, the issue of whether a non-signatory can be bound to an arbitration

agreement is controlled by state law. *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1354 (11th Cir. 2017).

### III.   DISCUSSION

As Plaintiffs are not signatories to the Agreement, the Court must determine whether, under Florida law, Plaintiffs can be compelled to arbitration. *See Taylor Grp., Inc. v. Indus. Distributors Int'l Co.*, 859 F. App'x 439, 444 (11th Cir. 2021). Under Florida Law, "non-parties can be 'bound to arbitration agreements under the theories of (1) incorporation by reference; (2) assumption; (3) agency; (4) veil piercing/alter ego; and (5) estoppel.'" *Id.* (citing *Massa v. Michael Ridard Hosp. LLC*, 306 So. 3d 1106, 1109 (Fla. Dist. Ct. App. 2020)).

Defendant argues Plaintiffs should be compelled to arbitration under an agency theory because (1) Plaintiff's brokers would have entered "a valid, written agreement with an arbitration clause" before listing vessels for sale on Defendant's websites; (2) the Agreement covers Plaintiffs' claims; and (3) Plaintiff is estopped from refusing to arbitrate. *See generally* Mot. Defendant further argues that the "delegation clause demonstrates a clear and unmistakable' intent for an arbitrator to determine arbitrability." Mot. at 12 (quoting *JPay, Inc. v. Kobel*, 904 F.3d 923, 930 (11th Cir. 2018) (internal quotations omitted). In response, Plaintiffs argue that Florida law prohibits compelled arbitration in this case and the Agreement's limited scope does not cover Plaintiffs' claims. *See generally* Resp.

#### A.   Arbitrability

Defendant argues that whether Plaintiffs' claims are arbitrable is a question the Parties consented to submit to arbitration. Mot. at 12. Generally, questions of arbitrability are for the courts to decide absent "clear and unmistakable evidence" of intent to submit questions of arbitrability to arbitration. *JPay, Inc.*, 904 F.3d at 930 (quotations omitted). Moreover, "when

3

faced with silence or ambiguity about the question [regarding] who should decide arbitrability," it is presumed that a court shall decide arbitrability. *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). While parties may agree to submit arbitrability to arbitration, the threshold question of whether Plaintiff is bound by an agreement is for the courts to decide. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Consequently, this Court will consider whether Plaintiff is bound by the Agreement before determining whether Plaintiffs claims against YATCO should be compelled to arbitration.

### B.    Plaintiff Is Not Bound By The Arbitration Agreement

"Under Florida law, a court may not compel arbitration 'in the absence of express language in the parties' contract mandating arbitration of such disputes.'" *Peters v. The Keyes Co.*, 402 F. App'x 448, 450–51 (11th Cir. 2010) (quoting *Seifert v. U.S. Home Corp.,* 750 So.2d 633, 642 (Fla. 1999)). Florida courts and the Eleventh Circuit, in applying Florida law, have consistently held that a broker cannot compel arbitration based on an arbitration agreement contained in a real estate purchase agreement to which they are not a party. *Peters v. The Keyes Co.*, 402 F. App'x 448, 450 (11th Cir. 2010) (citing *Nestler-Poletto Realty, Inc. v. Kassin*, 730 So. 2d 324, 326 (Fla. Dist. Ct. App. 1999) ("Non-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate unless it is determined that they are a third party beneficiary to the contract.")); *see also Fla. Power & Light Co. v. Rd. Rock, Inc.*, 920 So. 2d 201, 203 (Fla. Dist. Ct. App. 2006) (quotations and internal citations omitted) ("Non-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate unless it is determined that they are a third party beneficiary to the contract. A third party is an intended beneficiary, and thus able to sue on a contract, only if the parties to the contract intended to primarily and directly benefit the third party.")

4

The issue presented in this case is similar, but distinct—whether a listing service can compel a seller to arbitrate pursuant to an Agreement between a broker and listing service. Defendant did not provide this Court with executed agreements between itself and the brokers because "Plaintiff declined to identify the brokers." *See* (ECF No. 185–1 ¶¶ 7–12). Instead, Defendant submitted the Agreement, which Defendant states has "been in place since 2020." *See* (ECF No. 185–1) ¶¶ 7–12. Defendant's motion contends that "[a]ll parties who list on a YATCO website have to execute [the Agreement] by wet signature, digital signature, or agreed as terms of service when logging into YATCO[.]" Mot. at 5. While this Court is skeptical of relying solely on Defendant's assertions rather than the signed Agreement, even assuming Plaintiff's brokers did validly execute the Agreement, this Court finds Plaintiff is not bound by the Agreement's terms.

Defendant argues that the brokers entered into the Agreement on Plaintiff's behalf, as their agents. The evidence presented to this Court, however, suggests otherwise. While at some point Plaintiff's brokers may have signed the Agreement with Defendant, it is apparent that once an individual signs the Agreement, it remains effective. *See* Agreement ("your continued use of the services after [updated terms] constitutes your binding acceptance of such changes"). Thus, while Defendant contends that the brokers signed the Agreement on Plaintiffs' behalf, *as their agents*, Defendant failed to allege or establish that a legal relationship existed between the brokers and Plaintiffs at the time the Agreement was executed. In other words, to adopt Defendant's theory, this Court would have to find that the brokers' decision to use the YATCO platform was not to further their own businesses, but rather to aid an individual Plaintiff in selling their vessel. Or, in other words, that the Agreement was executed to "primarily and directly" benefit Plaintiffs. The Agreement contains the following clauses:

> This Agreement (the "Agreement") is between YATCO, LLC ("YATCO") and the entity accepting these terms ("Subscriber"), This Agreement controls Subscriber's

5

> access to YATCO's technology platform and services and its associated applications, portals, and website, etc. (the "Service").
>
> 16.3. Relationship of the Parties. The relationship between the parties is that of independent contractors. Nothing contained in this Agreement shall be construed as creating any agency, partnership, joint venture, or other form of joint enterprise, employment, or fiduciary relationship between the parties, and neither party shall have authority to contract for or bind the other party in any manner whatsoever.
>
> 16.9. Assignment. Subscriber shall not assign or otherwise transfer any of its rights, or delegate or otherwise transfer any of its obligations or performance under this Agreement, in each case whether voluntarily, involuntarily, by operation of law, or otherwise, without YATCO's prior written consent, which consent shall not be unreasonably withheld, conditioned, or delayed.
>
> 16.11. No Third-Party Beneficiaries. This Agreement is for the sole benefit of the parties hereto and their respective successors and permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other Person any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

Consequently, the Agreement's terms contradict Defendant's argument, as the Agreement clearly states it "is for the sole benefit of the parties hereto" which are defined as YATCO and the Subscriber. As the Agreement does not include Plaintiffs and expressly prohibits assigning the rights, benefits, and remedies contemplated therein, this Court finds Plaintiff is not bound by the Agreement's arbitration provision.

### C.  Plaintiffs Are Not Estopped From Refusing To Arbitrate

Defendant additionally argues that "Plaintiffs are barred or estopped from refusing to arbitration" because their brokers entered into the Agreement and the Amended Complaint relies on the Agreement. Mot. at 13. In general, contractual agreements only bind parties. *Bergeron Env't & Recycling, LLC v. LGL Recycling, LLC*, No. 4D2022-2159, 2024 WL 4446881, at *4 (Fla. Dist. Ct. App. Oct. 9, 2024) (quotations omitted). Importantly, however, "an exception to this rule exists, as 'some courts have applied a theory of equitable estoppel for suits against non-signatories arising out of the contract itself.'" *Id.* (cleaned up). Nevertheless, in this case, Plaintiff's claims do not arise out of, relate to, or even reference the Agreement. The Agreement pertains to

6

Subscribers use of YATCO's services, whereas the Complaint alleges antitrust violations in connection to Defendant's collection of fees. *See generally* Am. Compl. Consequently, this Court cannot conclude Plaintiffs' claims "arise out of" the Agreement warranting equitable estoppel.

## IV.  CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Compel Arbitration and Stay Proceedings (ECF No. 185) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this __9th__ day of January 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: Counsel of record